**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**ADAM WEST,**

**Plaintiff,**

**vs.**                                          **9:22-cv-231**
                                                 **(MAD/CFH)**

**LEGREE,** *Sgt., Great Meadow Correctional Facility*;
**MURPHY,** *Lt., Great Meadow Correctional Facility*;
**C.O. JOHN DOE 1,** *Great Meadow Correctional
Facility*; **C.O. JOHN DOE 2,** *Great Meadow
Correctional Facility*; **C.O. JOHN DOE 3,** *Great
Meadow Correctional Facility*,

**Defendants.**

_____

**APPEARANCES:**                                **OF COUNSEL:**

**ADAM WEST**
**14-A-5495**
Cayuga Correctional Facility
P.O. Box 1186
Moravia, New York 13118
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**                       **NICHOLAS W. DORANDO, AAG**
**STATE ATTORNEY GENERAL**                       **KONSTANDINOS D. LERIS, AAG**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

### ORDER

        Plaintiff, an incarcerated individual in the custody of the New York State Department of

Corrections and Community Supervision ("DOCCS"), commenced this action pursuant to 42

U.S.C. § 1983, alleging violations of his constitutional rights under the Fourth and Fourteenth

Amendments.  *See* Dkt. No. 1.  Following an initial review of the complaint, the Court found that

Plaintiff had sufficiently alleged Fourth Amendment claims against Defendants John Does 1-3,

and Legree, and a Fourteenth Amendment procedural due process claim against Defendant

Murphy.  *See* Dkt. No. 12.

Plaintiff's Fourteenth Amendment claim relates to Defendant Murphy's failure to produce

a video from when he was confined in Drug Watch Room # 1 on August 11, 2021, and the

subsequent tier hearing when Plaintiff was denied use of that video.  On May 15, 2023, Plaintiff

filed a motion for partial summary judgment, arguing that the evidence establishes that Defendant

Murphy's failure to inquire about video prejudiced Plaintiff's defense and deprived him of his

right to due process.  *See* Dkt. No. 30.

In a January 22, 2024 Report-Recommendation and Order, Magistrate Judge Hummel

recommended that the Court deny Plaintiff's motion.  *See* Dkt. No. 53.  Specifically, Magistrate

Judge Hummel found that Plaintiff failed to establish that the receipt of the subject video for use

in the tier hearing would have been of value in determining the validity of the disciplinary tickets.

*See id.* at 14-15.  As such, Magistrate Judge Hummel concluded questions of fact are present

related to whether the hearing comported with the constitutional due process protections that must

be afforded to an inmate's disciplinary proceedings.  *See id.*  Neither party objected to Magistrate

Judge Hummel's Report-Recommendation and Order.[1]

When a party files specific objections to a magistrate judge's report-recommendation, the

district court "make[s] a de novo determination of those portions of the report or specified

proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).

However, when a party files "[g]eneral or conclusory objections, or objections which merely

recite the same arguments [that he] presented to the magistrate judge," the court reviews those

---

[1] For a complete recitation of the relevant background, the Court directs the parties to
Magistrate Judge Hummel's January 22, 2024 Report-Recommendation and Order.

recommendations for clear error only. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846,

*2 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted).  After the appropriate review, "the

court may accept, reject, or modify, in whole or in part, the findings or recommendations made by

the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

A court may grant a motion for summary judgment only if it determines that there is no

genuine issue of material fact to be tried and that the facts as to which there is no such issue

warrant judgment for the movant as a matter of law.  *See Chambers v. TRM Copy Ctrs. Corp.*, 43

F.3d 29, 36 (2d Cir. 1994) (citations omitted).  When analyzing a summary judgment motion, the

court "cannot try issues of fact; it can only determine whether there are issues to be tried."  *Id.* at

36–37 (quotation and other citation omitted).  Moreover, it is well-settled that a party opposing a

motion for summary judgment may not simply rely on the assertions in its pleadings.  *See Celotex

Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56 (c), (e)).

In assessing the record to determine whether any such issues of material fact exist, the

court is required to resolve all ambiguities and draw all reasonable inferences in favor of the

nonmoving party.  *See Chambers*, 43 F.3d at 36 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

242, 255 (1986)) (other citations omitted).  Where the non-movant either does not respond to the

motion or fails to dispute the movant's statement of material facts, the court may not rely solely

on the moving party's Rule 56.1 statement; rather the court must be satisfied that the citations to

evidence in the record support the movant's assertions.  *See Giannullo v. City of New York.*, 322

F.3d 139, 143 n.5 (2d Cir. 2003) (holding that not verifying in the record the assertions in the

motion for summary judgment "would derogate the truth-finding functions of the judicial process

by substituting convenience for facts").

"Assessments of credibility and choices between conflicting versions of the events are matters for the jury, not for the court on summary judgment." *Jeffreys v. City of New York*, 426 F.3d 549, 553–54 (2d Cir. 2005) (quotation omitted).  "However, '[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could *reasonably* find for the plaintiff." *Id.* (quoting *Anderson*, 477 U.S. at 252 (emphasis and alterations in original)).  "To defeat summary judgment, therefore, nonmoving parties 'must do more than simply show that there is some metaphysical doubt as to the material facts,' ... and they 'may not rely on conclusory allegations or unsubstantiated speculation.'" *Id.* (quotations omitted).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted).  The Second Circuit has held that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education.  *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).  "However, this does not mean that a *pro se* litigant is excused from following the procedural requirements of summary judgment." *Kotler v. Fischer*, No. 9:09-CV-01443, 2012 WL 929823, *12 (N.D.N.Y. Mar. 19, 2012) (citations omitted).  Specifically, "a *pro se* party's 'bald assertion,' completely unsupported by evidence is not sufficient to overcome a motion for summary judgment." *Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D.N.Y. 1995) (citing *Cary v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991)).

In the present matter, the Court agrees with Magistrate Judge Hummel that questions of fact preclude granting Plaintiff's partial motion for summary judgment.  It is undisputed that

Plaintiff made several requests for the August 11 video and that the video was "preserved" for the hearing. *See* Dkt. No. 31-2 at 53, 66, 71. However, the fact that the video was "unattainable," without more, does not constitute a Fourteenth Amendment violation. *See Benitez v. Locastro*, No. 9:04-cv-423, 2010 WL 419999, *15 (N.D.N.Y. Jan. 29, 2010) (rejecting the plaintiff's argument that his due process rights were violated because the video evidence was unavailable) (citations omitted). To warrant an award of summary judgment, Plaintiff must prove, with competent evidence, that Defendant Murphy failed to make "a constitutionally significant inquiry into the existence and whereabouts of the video." *Purcelle v. Thomas*, No. 9:18-cv-77, 2020 WL 1516421, *13 (N.D.N.Y. Mar. 6, 2020). Here, Plaintiff failed to provide such evidence to suggest that Defendant Murphy did not make such an inquiry. Although Defendant Murphy did not provide an explanation on the record regarding his efforts to "summon" the video or what he meant when he said that the video was "unattainable" or that "there is no video evidence of that," Dkt. No. 31-2 at 71, those facts, without more, do not support an award of summary judgment. *See Thomas v. Calero*, 824 F. Supp. 2d 488, 401-02 (S.D.N.Y. 2011) (holding that, although "[i]t would aid reviewing courts if prison disciplinary officers gave their reasons for denying an inmate's request," the Supreme Court does not "require the disciplinary board to explain why it denied the prisoner's request" or "require that those reasons otherwise appear in the administrative record"). Finally, Magistrate Judge Hummel correctly determined that, even assuming the failure to consider the video was a procedural error, Plaintiff has not established, with admissible evidence, that the failure to consider the video resulted in prejudice. *See Purcelle*, 2020 WL 1516421, at *13.

Accordingly, the Court hereby

ORDERS that Magistrate Judge Hummel's January 22, 2024 Report-Recommendation and Order (Dkt. No. 53) is **ADOPTED in its entirety** for the reasons set forth therein; and the Court further

ORDERS that Plaintiff's motion for partial summary judgment (Dkt. No. 30) is **DENIED**; and the Court further

ORDERS that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 26, 2024
Albany, New York

```
Mae A. D'Agostino
U.S. District Judge
```

6